**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------

**RESCUECOM CORPORATION,**                                      Civil Case No.

                                                    **Plaintiff,**

                                                                **COMPLAINT**

                        **-vs-**

                                                                **PLAINTIFF DEMANDS**
**GOOGLE, INC.**                                                **TRIAL BY JURY**

                                                    **Defendant.**
-------------------------------------------------------------

      Plaintiff, RESCUECOM CORPORATION, as and for its complaint against defendant GOOGLE, INC., alleges as follows:

### JURISDICTION AND VENUE

    1.     This Court has jurisdiction over this matter under 15 U.S.C. 1331, 1338 (a) and (b),  and 1121(a), involving  violations of the Lanham Act, and jurisdiction over the State law claims under 15 U.S.C. 1367.

    2.     Venue is invoked under 28 U.S.C. 1391(b).

### PARTIES

    3.     Plaintiff Rescuecom Corporation is a corporation incorporated under the laws of the State of New York, with its principal place of business located at 2560 Burnet Ave., Syracuse, New York, 13206.

    4.     Upon information and belief, defendant Google, Inc. (hereafter, "Google") is a corporation organized under the laws of the State of Delaware with its corporate offices located at  1600 Amphitheatre Parkway, Mountainview, CA 94043.

## BRIEF SUMMARY OF THE CASE

5.     Defendant Google operates for its own profit an Internet search engine which is claimed by defendant to be a popular, if not the most popular method Internet Users employ to obtain information and shop for goods and services on the Internet.

6.     Defendant Google has improperly infringed upon and diluted Rescuecom Corporation's name and trademark "Rescuecom" by selling the trademark "Rescuecom" to Rescuecom Corporation's competitors as a keyword so that when an Internet User searches for "Rescuecom" on defendant Google's Internet search engine, the competitor's advertisement hyperlink will appear on the first page of the search results.  This enables Google and plaintiff's competitors to use the Rescuecom trademark to place their advertising hyperlinks in front of consumers who specifically search for Rescuecom Corporation, thereby diverting a percentage of such Internet Users from Rescuecom Corporation and enjoying and benefitting from all of the goodwill and "buyer's momentum" associated with plaintiff's valuable trademark, but at a infinitesimal fraction of the cost.

7.     Defendant Google thereby profits financially from infringing upon and diluting plaintiff's protected trademarks and assisting and encouraging third parties to do so as well.

## FACTUAL BACKGROUND

8.     Rescuecom Corporation is a computer services franchising business that is headquartered in Syracuse, New York, but offers franchises nationwide.  Currently Rescuecom Corporation has 67 franchises.  Rescuecom Corporation, through its franchised businesses, is in the business of providing computer services to individuals and businesses, including computer repair, consulting, sales, networking, and Internet services.

9.      Rescuecom Corporation offers its franchisees the benefit of use of its valuable trademarks and its proven business system, including 24/7/365 telephone answering, dispatch and customer service. Rescuecom expends substantial sums every year in advertising and promoting its name and trademark, "Rescuecom" throughout the United States.   Rescuecom Corporation's unique business system enables and assists computer professionals and computer services companies to operate and grow their own computer servicing businesses.  Rescuecom Corporation handles all of the front office and back office needs for all of its franchisees, enabling them to focus on providing services to customers.  Most importantly, Rescuecom franchisees operate under and benefit from the "Rescuecom" name, trademarks, logo and the goodwill and reputation associated with them.

10.     Through great expense and care, Rescuecom Corporation has become well known and famous in its market and has acquired a reputation for excellence and outstanding service both to customers and Rescuecom franchisees.   As a result, Rescuecom Corporation's reputation, and the goodwill associated with its name and trademark "Rescuecom" are very valuable business assets, which Rescuecom vigorously protects.

11.     Rescuecom Corporation's name and trademark "Rescuecom" have become distinctive and famous and serve to distinguish Rescuecom Corporation's reputation, goods and services from its competition.   The relevant market recognizes and associates the Rescuecom name with Rescuecom Corporation and its franchisees only.  Part of the benefit of this notoriety is that potential franchisees, and potential customers will search specifically for Rescuecom Corporation through a variety of means, including use of defendant Google's Internet Search Engine.

12.     Defendant Google has as its primary business the operation of an Internet search engine located at Google.com (hereafter "Internet Search Engine").  Google claims to be the most

popular Internet Search Engine available on the World Wide Web, and purports to maintain proprietary, patented software which lists websites in order of relevance to the search terms input by an Internet User.

13.    An Internet Search Engine is a website which allows the Internet User to type in a search term, and responds with a list of websites which relate to that search term.  The list is usually in order of relevance, with the most relevant websites appearing first, and are also often voluminous, often listing thousands of websites (hereafter "Search Results").

14.    The Internet is a global network of millions of connected computers which over the last ten to fifteen years has revolutionized how individuals and businesses operate and communicate. The World Wide Web is a portion of the Internet which is designed to display information visually on "websites" which are collections of connected "webpages".  Websites are located and identified by their "domain names", which is the name of the website, followed by the appellation .com or .org or .biz, etc. For example, defendant's Internet Search Engine is located at the domain name Google.com.  Rescuecom Corporation's main website appears at Rescuecom.com.

15.    Rescuecom Corporation conducts a substantial amount of its business over the Internet, and receives an average of 17,000 to 30,000 visitors to its websites each month.  Rescuecom advertises over the Internet, including advertising at defendant Google's Internet Search Engine.

16.    Because of the nature of Rescuecom Corporation's services, which are computer related, the vast majority of potential Rescuecom franchisees and potential customers of Rescuecom Corporation's services use the Internet and the World Wide Web to do business and search for goods and services.

17.    Among Internet Users, there are two primary ways of attempting to find the website of a particular company.  First, Internet Users may guess that the website of a particular company

will use the company's name or trademark as a "domain name", and input that domain name into an Internet Browser which will display the contents of such website.

18.     The second primary way an Internet User may attempt to find the website of a particular company is to type in that company's known trademarks or name into an Internet Search Engine.

19.     Google claims, and upon information and belief most Internet Users who perform searches on Google believe, that the results given by Google's Internet Search Engine are listed in order of relevance to the search terms input to the Search Engine, with the most relevant websites appearing first.

20.     By simply using defendant Google's Internet Search Engine, Internet Users are identifying to Google the subjects they are interested in, the company they are looking for, or the goods and services they wish to buy.  This allows Google to obtain a significant percentage of its profit from the sale of "contextual advertising" space, that is advertising space which allows companies to place their advertising in front of consumers who have already identified themselves as interested in products or services similar to theirs.  This is more effective that demographic advertising which only seeks to place advertising in front of those who, because of certain characteristics such as age, location, profession, etc., may be likely to be interested in such goods and services (T.V., radio, magazine advertising, etc.).

21.     Upon information and belief, defendant Google derives over 97% of its revenue from the sale of advertising.

22.     Google offers a program called "AdWords" which allows advertisers to bid for their advertising hyperlinks to appear in response to particular search terms input by Internet Users (hereafter, "Keywords").  The advertising hyperlinks, called "Sponsored Links", appear either to the right

of the Search Results, or immediately above the Search Results.  A Sponsored Link is a hyperlink which contains the text of the advertiser's ad, and allows the Internet User to use their mouse to "click" on the Link, which brings the Internet User directly to the advertiser's commercial website.  The advertisers pay defendant Google based upon the number of "clicks" on these Sponsored Links.  Advertisers bid for placement of their advertisements for each possible variation of a Keyword, as there is limited space on defendant Google's Search Results Page.

23.    The so-called "Sponsored Links" do not always clearly identify themselves as advertisements, and Google's layout of the ads does not conspicuously identify them as such. This is particularly true of the Sponsored Links which appear at the top of the Search Results.  These ads at the top of the Search Results are designed by Google to look like part of the "non-sponsored" Search Results, and by virtue of the fact that they appear at the top of the list of Search Results, Internet Users may infer that they are the most relevant websites on the Search Results page.

24.    Rescuecom Corporation's name and trademark "Rescuecom" is an often searched term on the Internet, and defendant Google is aware, either through its personnel or its programming, that Rescuecom Corporation is in the business of computer services franchising and computer service, repair, maintenance and consulting.

25.    Among the thousands of Keywords submitted to Google.com by Rescuecom Corporation, Rescuecom Corporation also submits its own name, "Rescuecom" as a Keyword, both alone and in combination with other words.  This means that whenever an Internet User searches on Google.com for "Rescuecom" or a search term containing Rescuecom, one of Rescuecom Corporation's Sponsored Links will appear either immediately above or to the immediate right hand side of the Search Results.  If the Internet User clicks on this link, the user will be brought to Rescuecom's website.

26.     Rescuecom's competitors also advertise their services on the Internet, and through Google's AdWords advertising program.  Many competitors have submitted Rescuecom Corporation's trademark "Rescuecom" as a Keyword to Google either alone, or in conjunction with other words, such that when an Internet User searches on Google.com for "Rescuecom", the competitor's advertising Sponsored Link also appears either to the immediate right or on top of the Search Results page.

27.     Upon information and belief, defendant Google has used an online program called a "Keyword Suggestion Tool" to suggest to one or more of Rescuecom Corporation's competitors that they should use the Rescuecom trademark as a Keyword for their advertising.  Google's suggestion is designed to make such competitors' advertising more successful, and therefore more profitable for Google, by intercepting and diverting customers and potential customers of Rescuecom Corporation to others.

28.     Until April of 2004, defendant Google had responded to complaints by Rescuecom Corporation of trademark violations by removing the Sponsored Link which used the Rescuecom trademark as a Keyword.  After April of 2004, Google changed its policy and thereafter refused to remove or otherwise disable Sponsored Links which violate federal trademark laws.

29.     Upon information and belief, after April of 2004 defendant Google also continued to suggest to Rescuecom Corporation's competitors that they use the Rescuecom trademark to make their advertising more productive by intercepting and diverting Rescuecom Corporation's customers and potential customers.

30.     Upon information and belief, defendant Google sells advertising using plaintiff Rescuecom Corporation's trademark "Rescuecom" as a Keyword for the specific purpose of intercepting

consumers and customers of Rescuecom Corporation and those who are specifically looking for Rescuecom Corporation and diverting them to Rescuecom Computer's competitors.

    31.    Upon information and belief, defendant Google, in cooperation with Rescuecom Corporation's competitors, uses the Rescuecom name and trademark in Google AdWords Internet advertising for several improper purposes, including the following:

    A.    Diverting potential customers and potential franchisees who are actively looking for Rescuecom Corporation to one or more competitor's websites and services;

    B.    Taking advantage of and trading upon and receiving the benefits of the goodwill and good reputation associated with the Rescuecom name and trademark, which Rescuecom has developed at great expense;

    C.    Giving a competitor's goods and services appeal, credibility and marketability by association with the Rescuecom name;

    D.    Falsely indicating to potential customers and franchisees that a competitor is sponsored, endorsed, affiliated with or approved by Rescuecom Corporation;

    E.    Falsely implying that the competitor's services are as good as, or a credible substitute for, those goods and services offered by Rescuecom Corporation; and

    F.    Hijacking plaintiff's trademark by diverting the goodwill associated with the Rescuecom trademark and diverting it to defendant Google's

-8-

own benefit and the benefit of others, without authorization or compensation to plaintiff Rescuecom Corporation..

   G. Forces plaintiff Rescuecom Corporation to make higher bids for its own trademark as a Keyword so that plaintiff's Sponsored Links appear on searches for "Rescuecom", all to defendant Google's profit.

  32. Defendant Google's use of the Rescuecom name and trademark via its AdWords advertising program causes confusion in the marketplace that a competitor's goods and services are affiliated with or otherwise approved or "sponsored" by Rescuecom Corporation; causes Rescuecom Corporation's name and trademark to be diluted by losing its distinctive quality of being associated solely with Rescuecom Corporation; allows defendant Google and Rescuecom's competitors to financially benefit from and to trade off of the goodwill and reputation of Rescuecom Corporation without incurring an expense similar to that incurred by plaintiff in building up its brand name; and causes Rescuecom to lose, in part, control over the commercial use of its own name and trademark by placing such control in the hands of defendant Google and Rescuecom's competitors.

  33. When an Internet User searching on defendant Google's Internet Search Engine for "Rescuecom" is presented with a Search Results Page which contains multiple Sponsored Links, one of which may be for Rescuecom Corporation, and others for competitors of Rescuecom Corporation, Internet Users may click on one of the Sponsored Links for a competitor, believing that it is related to, or sponsored by Rescuecom Corporation.  Even if the Internet User realizes that the website they have been taken to is not Rescuecom Corporation's website, the damage to Rescuecom Corporation has been done. A percentage of such Internet Users may either stay at the competitor's website, or may otherwise discontinue their search for Rescuecom Corporation.  An Internet User may associate the quality of goods

and services offered on such competitor's website with those offered by Rescuecom Corporation, and if dissatisfied with such goods or services, may discontinue their search for such services entirely.

34.    Defendant Google has sold Rescuecom Corporation's trademark as a Keyword, and profited thereby, with full intent and awareness of claims that such practice violates trademark laws. Defendant Google stated in their own prospectus as follows:

> Companies have also filed trademark infringement and related claims against us over the display of ads in response to user queries that include trademark terms. The outcomes of these lawsuits have differed from jurisdiction to jurisdiction. A court in France has held us liable for allowing advertisers to select certain trademarked terms as keywords. We have appealed this decision. We were also subject to two lawsuits in Germany on similar matters where one court preliminarily reached a similar conclusion as the court in France, while another court held that we are not liable for the actions of our advertisers prior to notification of trademark rights. We are litigating similar issues in other cases in the U.S., France, Germany and Italy. In order to provide users with more useful ads, we have recently revised our trademark policy in the U.S. and Canada. Under our new policy, we no longer disable ads due to selection by our advertisers of trademarks as keyword triggers for the ads. As a result of this change in policy, we may be subject to more trademark infringement lawsuits. Defending these lawsuits could take time and resources. Adverse results in these lawsuits may result in, or even compel, a change in this practice which could result in a loss of revenue for us, which could harm our business.

35.    By reason of the above, Defendant Google's actions are deliberate, wilful and with full knowledge of the requirements of trademark law and were taken upon advice and for the purpose of its own profit by means of selling plaintiff's and other's registered and protected trademarks, and exploiting and trading upon and diverting the benefit of the goodwill associated with Rescuecom Corporation's name and trademark without permission or compensation.  This constitutes a wilful violation of plaintiff Rescuecom Corporation's trademark rights.

36.    Internet Users who search for Rescuecom Corporation by using the well-known Rescuecom trademark as a search term, or in combination with other search terms, are manipulated,

deceived and otherwise misled into believing that the Sponsored Links of plaintiff's competitors are related to Rescuecom Corporation, by their placement on the Search Results page, their appearance and similarity to the Search Results, and/or their content. Nothing on the Search Results page communicates to an Internet User that such Sponsored Links have no relationship whatsoever to Rescuecom Corporation, and are in fact paid advertisements by competitors to Rescuecom Corporation.

**COUNT I**

**VIOLATION OF THE LANHAM ACT - 15 USC 1114 (1)**

37.    Plaintiff repeats and realleges each and every allegation made above as if more fully set forth at length herein.

38.    On March 23, 1998, Rescuecom Corporation, through it predecessor, duly filed and thereafter registered its trademark "Rescuecom" with the United States Patent and Trademark Office. The registration number is 22482755.

39.    Defendant Google has violated plaintiff's exclusive rights to the name and trademark "Rescuecom", and contributed to the violation of such rights by others, by using and suggesting and encouraging the use by its AdWords advertisers of the trademark "Rescuecom" as a Keyword as a means of advertising and selling the goods and services of Rescuecom's competitors through Google's AdWords advertising campaign.

40.    Defendant Google's use of plaintiff's trademark "Rescuecom" constitutes a use in commerce in connection with the sale, offering for sale, distribution and advertising of goods and services, though it be for the goods and services of third parties.

41.    The goods and services offered by one or more of Rescuecom's competitors which participated in defendant Google's AdWords campaign by using the trademark "Rescuecom" as a

Keyword are substantially similar to the goods and services offered by plaintiff Rescuecom Corporation, that is the franchising of computer repair services, and providing computer repair services or advice to consumers and businesses.

42.    Upon information and belief, defendant Google's use of Rescuecom's name and trademark causes at least some consumers actively seeking to find and do business with Rescuecom Corporation to click on one or more Sponsored Links linking to the webpages of Rescuecom's competitors, either by mistake, or through confusion or because they are deceived into believing such Sponsored Links are related to Rescuecom.

43.    Upon information and belief, defendant Google's use of Rescuecom's name and trademark causes at least initial confusion among Internet Users who see competitor's Sponsored Links in response to a search the Internet User conducted looking for Rescuecom.

44.    Upon information and belief, there is an expectation among Internet Users who conduct searches on Internet Search Engines such as defendant Google's that the results listed, including the Sponsored Links, will be related to the search term, especially with regard to Sponsored Links that appear immediately above the Search Results, and are designed to look similar to such Search Results.

45.    Rescuecom Corporation, and its franchisees, expend significant sums of money in advertising the Rescuecom name and trademark both on the Internet and in print.  As a result, the name "Rescuecom" has become well-known, famous and distinctive in its market, that is among computer repair companies and professionals, and among individuals and business consumers of computer repair services.

46.    Defendant Google is promoting, encouraging, enabling and profiting from Rescuecom's competitors "free-riding" on plaintiff's goodwill and the name recognition it enjoys in its

marketplace.

47.    Upon information and belief, some Internet Users who search for Rescuecom Corporation on Google's Internet Search Engine by inputting the word "Rescuecom", thereafter click upon a competitor's Sponsored Link by mistake, or out of confusion or because they are deceived into believing it is related to the search term "Rescuecom", and thereafter do not continue their search for Rescuecom Corporation either because they do business with a competitor, or out of discouragement or because they are diverted and distracted from doing so.

48.    Upon information and belief, after being diverted from their search for Rescuecom Corporation, some Internet Users lose the initial "momentum' generated by the goodwill associated with the Rescuecom name, or are otherwise presented with purchasing barriers associated with making a choice between competing providers of services, and causes Rescuecom Corporation to lose one of the key benefits of its well known trademark.

49.    By reason of the above, defendant Google has violated the exclusive rights of plaintiff Rescuecom Corporation in and to its use of the registered trademark "Rescuecom", and has contributed to the violation of such rights by others by enabling, cooperating with, suggesting and encouraging the use of Rescuecom Corporation's trademark by others, and may be held liable in a civil action under 15 U.S.C. 1114 (1).

50.    Defendant Google has refused to alter its policy permitting companies other than Rescuecom Corporation, including Rescuecom Corporation's competitors from using the Rescuecom trademark as a Keyword in association with Sponsored Links, even after due demand; therefore its violation of plaintiff's trademark rights under the Lanham Act is a wilful and intentional violation of plaintiff's exclusive rights.

51.     Upon information and belief, defendant Google used and encouraged third parties to use the name and trademark "Rescuecom" with the intention of benefitting from the goodwill associated with plaintiff's trademark in that such use was intended to cause confusion, mistake or to deceive potential customers, or to divert customers from Rescuecom Corporation to third parties, or otherwise improperly benefit from the goodwill associated with plaintiff's mark.

52.     Upon information and belief, defendant Google has altered its policy of regarding trademark violations through its Internet Search Engine and its AdWords advertising program for the purpose of profiting from the sale of such additional Keywords and the advertising benefit it provides to Rescuecom's competitors. This change in policy was made with the intent of increasing defendant Google's advertising revenues, just as it proceeded with its initial public offering.

53.     By reason of the above, plaintiff is in violation of 15 U.S.C. 1114 (1) and plaintiff is entitled to recover profits and damages from defendant.

54.     Plaintiff has been damaged by defendant's violations of its rights under the Lanham Act in an amount to be determined at trial.

55.     Plaintiff's damages are irreparable and it has no adequate remedy at law.

## COUNT II

### FALSE DESIGNATION OF ORIGIN - 15 U.S.C. 1125 (a)

56.     Plaintiff repeats and realleges each and every allegation made above as if more fully set forth at length herein.

57.     Defendant Google's sale of plaintiff Rescuecom Corporation's registered trademark "Rescuecom" as a Keyword to competitors of Rescuecom Corporation constitutes a use in commerce.

-14-

58.    Internet Users who search using the term "Rescuecom"  on defendant Google's Internet Search Engine have a reasonable expectation that the websites and hyperlinks appearing on defendant Google's Search Results Page are related to plaintiff Rescuecom Corporation.

59.    Internet Users who view Sponsored Links, some or all of which appear to be part of the Search Results, may become confused, mistaken, misled and/or deceived that Sponsored Links which link to Rescuecom Corporation's competitor's websites may be affiliated with, connected to, or approved by plaintiff Rescuecom Corporation.

60.    The placement of such competing Sponsored Links in response to a search by an Internet User using the trademark Rescuecom as one or more of the search terms constitutes a false designation of origin, affiliation, connection or association of such competitor with plaintiff Rescuecom Corporation, or a false description of origin, sponsorship or approval of the goods or services or activities of such competitor by Rescuecom Corporation, and a contribution to the false designations by others by enabling, cooperating with, suggesting and encouraging the use of Rescuecom Corporation's trademark by others.

61.    Plaintiff has suffered and continues to suffer irreparable damages and has no adequate remedy at law.

**COUNT III**

**DILUTION OF PLAINTIFF'S TRADEMARK - 15 U.S.C. 1125 (c)**

62.    Plaintiff repeats and realleges each and every allegation made above as if more fully set forth at length herein.

63.    Rescuecom Corporation's mark, "Rescuecom" is a distinctive and famous mark under 15 U.S.C. 1125 for the following reasons:

   A. "Rescuecom" is a distinctive unique word which is not merely descriptive;

   B. "Rescuecom" is used extensively in connection with advertising for plaintiff's services, and those of its franchisees;

   C. "Rescuecom" is used throughout the United States in advertising, wherever plaintiff's franchisees are located, and everywhere through advertising on the Internet;

   D. "Rescuecom" is recognized widely, particularly among Rescuecom Corporation's market of potential franchisees who are computer service professionals;

   E. No one else uses a mark similar to plaintiff's mark for similar services;

   F. "Rescuecom" has been federally registered by plaintiff as a trademark.

64. Defendant Google's use of the trademark "Rescuecom" as a Keyword in connection with its sale of Sponsored Links is a commercial use in commerce because defendant is a commercial entity selling and offering for sale advertising on its Internet Search Engine located on the World Wide Web at Google.com

65. Upon information and belief, defendant's use of the trademark "Rescuecom" for commercial use in commerce occurred after plaintiff's trademark "Rescuecom" became famous or distinctive.

66. Defendant's use of the trademark "Rescuecom" dilutes the distinctive quality of plaintiff's "Rescuecom" trademark as it causes and can cause confusion among customers and potential

franchisees of Rescuecom. Customers, and potential customers and potential franchisees of plaintiff may view competitor's advertisements/Sponsored Links in response to a search for Rescuecom on defendant Google's Internet Search Engine and reasonably believe that the advertising company, often a competitor of Rescuecom Corporation, is affiliated or associated with, or approved by or sponsored by plaintiff. Defendant Google's use of plaintiff's trademark causes a "blurring" of the trademark's relationship to Rescuecom Corporation and its franchisees. It also may lead to consumers viewing plaintiff's name and trademark "Rescuecom" as a generic term referring to computer repair, diluting the trademark. Finally, customers or potential customers and potential franchisees may view competitor's websites after clicking on their Sponsored Links, and be dissatisfied with the level of quality of services provided by such competitor, thereby tarnishing the Rescuecom name in the mind of the consumer.

67.    Defendant Google's use of plaintiff's trademark therefore constitutes a dilution of plaintiff's trademark, or a contribution to the acts of dilution of such trademark by others by suggesting and encouraging the use of such

68.    Plaintiff has incurred and may incur damages related to lost or diverted customers, or potential franchisees may decline to pursue obtaining a Rescuecom franchise after becoming exposed to a competitor's business, believing a relationship exists, or that such competitor is a franchisee of plaintiff, or that the quality of such competitor's services are indicative of the quality of plaintiff's services, or because of a perception that plaintiff is not controlling the use of its trademark for the exclusive use and benefit of its franchisees, and that plaintiff's marks are diluted and/or tarnished by defendant's use of identical marks as a means of advertising such competing businesses.

69.    Upon information and belief, defendant Google was aware of plaintiff's use of the trademark "Rescuecom" and its rights to use of that mark, and willfully intended to trade upon plaintiff's

-17-

reputation or to cause dilution of plaintiff's trademark, or to contribute to such dilution by others. At the very least, Google's actions were wilful after it refused to remove such competing Sponsored Links and refusing to remove Rescuecom's name from its list of suggested search terms via its Keyword Suggestion Tool program.

70.    Plaintiff's damages are irreparable and plaintiff has no adequate remedy at law.

## COUNT IV

## COMMON LAW TRADEMARK VIOLATION

71.    Plaintiff repeats and realleges each and every allegation made above as if more fully set forth at length herein.

72.    Defendant Google's use of Plaintiff's trademark "Rescuecom" for the commercial purpose of selling it in return for advertising revenue, and for the purpose of advertising the goods and services of those in competition with Rescuecom Corporation, and not for the purpose of referring to Rescuecom Corporation and its goods and services, and without the permission of Rescuecom Corporation, is an infringement of Plaintiff's common law trademark rights.

73.    Defendant Google's use of the Rescuecom name and trademark allows defendant to freely trade off of and benefit from the goodwill and reputation associated with plaintiff's name and trademark "Rescuecom" without consequent expense to itself, to its advertisers, or compensation to Rescuecom Corporation.

74.    Defendant Google's use of the Rescuecom name and trademark is deceptive and is likely to cause confusion or mistake in the minds of potential customers and potential franchisees who search for Rescuecom Corporation on defendant's Internet Search Engine, and is therefore a violation of plaintiff's common law trademark rights and a contribution to the violation of such rights by others

by encouraging, suggesting and enabling them to do so.

75.    As a result, plaintiff Rescuecom Corporation has suffered damages in an amount to be determined at trial.

76.    Plaintiff Rescuecom Corporation's damages are irreparable, and plaintiff has no adequate remedy at law.

## COUNT V

## TRADEMARK DILUTION UNDER NEW YORK STATE GENERAL BUSINESS LAW 360-L

77.    Plaintiff repeats and realleges each and every allegation made above as if more fully set forth at length herein.

78.    Defendant Google's sale of plaintiff's protected trademark as a Keyword in its AdWords advertising program is likely to cause injury to plaintiff's business reputation or dilute plaintiff's trademark, or contribute to such injuries and dilution by the acts of others, for the following reasons, among others:

A.    Competitors who purchase Rescuecom Corporation's trademark "Rescuecom" as a Keyword for their Sponsored Links may, and likely do, offer goods and services which are inferior to those offered by Rescuecom Corporation, and Internet Users may associate the quality of such goods and services with Rescuecom Corporation;

B.    The increased difficulty which Internet Users may have in finding Rescuecom Corporation when searching for it on defendant Google's Internet Search Engine may result in a diminution of plaintiff's business reputation in the mind of the Internet User, or an impression that plaintiff is unable to control the use of its trademark.

C.    Internet Users may view Rescuecom Corporation's name and

trademark as not referring solely to plaintiff's goods and services, but being a means of finding other, competitive goods and services, diminishing and diluting plaintiff's trademark such that it no longer serves to distinguish plaintiff's goods and services.

D.    Defendant Google's use of the Rescuecom trademark is with the intent to exploit the favorable impression and goodwill associated with the trademark for defendant's own profit, and the profit of advertising partners other than Rescuecom Corporation, without authorization from, or compensation to plaintiff Rescuecom Corporation.

79.    Plaintiff Rescuecom Corporation's damages are irreparable and plaintiff has no adequate remedy at law.

## COUNT VI

## TORTIOUS INTERFERENCE WITH PLAINTIFF'S PROSPECTIVE ECONOMIC ADVANTAGE

80.    Plaintiff repeats and realleges each and every allegation made above as if more fully set forth at length herein.

81.    Upon information and belief, potential Rescuecom Corporation franchisees are computer professionals who typically use the Internet to find information on Rescuecom Corporation and other business opportunities that interest them.

82.    Upon information and belief, potential Rescuecom Corporation consumers and customers are individuals and businesses who own computers and computer systems, and typically use the Internet to find information on Rescuecom Corporation or other computer service, repair and consulting companies.

83.    Both potential Rescuecom Corporation franchisees and customers are likely to

attempt to find information on plaintiff, or look for plaintiff's websites, prior to doing business with plaintiff.

84.    Rescuecom Corporation's websites contain automated, patent pending, business systems for automatically interacting with potential franchisees and technicians.   Virtually all of Rescuecom's franchisees obtain information about Rescuecom Corporation through this process, and otherwise through plaintiff's websites.  Rescuecom Corporation's websites also contain interactive links that allow customers to request computer service online.

85.    Drawing interested individuals and businesses to Rescuecom Corporation's websites is a key aspect of plaintiff's marketing strategy.

86.    Upon information and belief, defendant Google was aware that Rescuecom Corporation attempts to do business through its website and seeks to attract individuals and businesses to its website as a part of its business strategy. Among other reasons, Google was aware of this because Rescuecom Corporation is an AdWords advertising partner with Google and spends a significant sum of money each month with Google to advertise its websites through Google's Internet Search Engine.

87.    Defendant Google was therefore aware that Rescuecom Corporation had a reasonable expectation of obtaining new business, new customers and further future economic advantage through attracting individuals and businesses to its websites as a result of searches on Google's Internet Search Engine containing the word "Rescuecom".

88.    Upon information and belief, a percentage of Internet Users who performed searches on defendant Google's Internet Search Engine using the protected trademark "Rescuecom" were diverted from their clear attempt to locate Rescuecom Corporation, to competitors who used Sponsored Links which appeared on the Search Results page.

89.    Upon information and belief, Rescuecom Corporation would have realized additional sales, franchisees, customers and revenue from such diverted Internet Users were it not for defendant Google's intentional and improper sale of plaintiff's protected trademark "Rescuecom" as a Keyword for competing Sponsored Links, and defendant Google's affirmative suggestions and encouragement for competitors to use "Rescuecom" as a Keyword through its Keyword Suggestion Tool.

90.    Such use and encouragement of others to use plaintiff's protected trademark as a Keyword for Sponsored Links allows both defendant Google and others to benefit and profit from the goodwill and notoriety of plaintiff's trademark without the expense, time, effort and years of quality service which Rescuecom Corporation has invested into its business reputation and its trademark, and is therefore a violation of trademark laws, unfair competition, "free-riding" and is otherwise improper.

91.    Defendant Google has intentionally and improperly interfered with Rescuecom Corporation's prospective economic advantage by diverting customers actively seeking to find Rescuecom Corporation through defendant's Internet Search Engine.

92.    Defendant Google has refused to cease and desist from such improper use of plaintiff's trademarks, despite due demand.

93.    Plaintiff Rescuecom Corporation has suffered and will continue to suffer damage by defendant Google's improper actions, such damages are irreparable and plaintiff has no adequate remedy at law.

**WHEREFORE,** plaintiff Rescuecom Corporation respectfully requests that this Court grant judgment against the defendant on all causes of action as follows:

A.    A preliminary and permanent injunction against defendant Google, Inc. directing it to discontinue use of the trademark "Rescuecom", or any substantially similar word  as a Keyword or part of a Keyword phrase in connection with advertising on its Internet Search Engine, specifically its sale of Sponsored Links through its

AdWords advertising program;

  B. A preliminary and permanent injunction against defendant Google, Inc. directing it to discontinue the practice of suggesting and encouraging advertisers to use the Rescuecom name and trademark as part of their AdWords Keywords via Google's Keyword Suggestion Tool, or by any other means;

  C. A preliminary and permanent injunction against defendant Google, Inc. directing it to suspend all current Sponsored Links which use "Rescuecom" as a Keyword or part of a Keyword, other than plaintiff's Sponsored Links;

  D. An accounting of all revenue earned by defendant Google, for its own account or through affiliates or agents, by selling plaintiff's trademark "Rescuecom" in its AdWords program, or any other advertising program, and an Order to pay such revenue over to plaintiff Rescuecom, or such percentage of revenue as determined by this Court to be just and fair;

  E. Damages in an amount determined by the Court, up to treble plaintiff's actual damages in a sum to be determined at trial, or alternatively statutory damages of not less than $500.00 nor more than $100,000.00 per use of plaintiff's mark, as the Court considers just, together with punitive damages as determined by the Court;

  F. Reasonable attorneys fee as determined by the Court upon application;

  G. Costs and disbursements incurred by the plaintiff; and

  H. Together with such other and further relief as this Court deems just and proper.

DATED: September 6, 2004

          **RESCUECOM CORPORATION**
          **/s/ Edmund J. Gegan**

          _____
          **Edmund J. Gegan, Esq.**
          **COUNSEL TO RESCUECOM CORPORATION**
          **2560 Burnet Ave.**
          **Syracuse, NY 13206**
          **Telephone: (315) 432-8800**