UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------- X
RESCUECOM CORPORATION,                 :    5:04-CV-01055 (NAM) (GHL)
                                       :
         Plaintiff / Counterclaim-     :    ANSWER AND COUNTERCLAIM
         Defendant,                    :
                                       :    Demand for Jury Trial
   vs.                                 :
                                       :
GOOGLE, INC.,                          :
                                       :
         Defendant / Counterclaim-     :
         Plaintiff.                    :
------------------------------------- X

   Defendant Google Inc. ("Google"), by and through its counsel, responds to the Complaint of Rescuecom Corporation ("Rescuecom") as follows:

   1.   States that ¶¶ 1 and 2 assert legal conclusions to which no responsive pleading is required.

   2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3.

   3.   Admits the allegations of ¶ 4, except states that its name is Google Inc. and "Mountainview" is spelled "Mountain View."

   4.   Denies the allegations of ¶ 5, except admits that Google operates an Internet search engine that many computer users use to find information on the Internet.

   5.   Denies the allegations of ¶¶ 6-7.

   6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 8-11.

7. Denies the allegations of ¶ 12, except admits that Google operates an Internet search engine available at http://www.google.com, that Google employs proprietary, patented software, and that Google's software ranks search results based on its algorithmic determination of their relevance to a given query.

8. Denies the allegations of ¶ 13, except that Google denies knowledge or information sufficient to form a belief as to the allegations concerning how third party Internet search engines operate, and admits that Google's Internet search engine allows Internet users to enter queries in the form of search terms or phrases and responds to those queries by returning search results.

9. Denies the allegations of ¶ 14, except admits that the Internet is a global network of computers, that the World Wide Web includes web pages, that related web pages might be organized or collected into websites, that some websites and their affiliated web pages might be identified by their domain names, and that Google's search engine can be accessed at http://www.google.com.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 15, except admits that Rescuecom advertises through Google's AdWords program.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 16-18.

12. Denies the allegations of ¶ 19, except admits that Google's software ranks search results based on its algorithmic determination of their relevance to a given query.

13. Denies the allegations of ¶ 20, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the intentions of Internet users when

they access Google's Internet search engine, and admits that Google obtains revenues from "contextual advertising" in the sense of advertising selected based on the content of the web page where the advertising is being displayed.

14. Denies the allegations of ¶ 21, except admits that Google's Form 10-K Annual Report, dated February 13, 2009, reported that "Advertising revenues" made up 97% of Google's revenues in the fiscal year ending December 31, 2008, and otherwise respectfully refers the Court to that document and to Google's other periodic filings with the Securities and Exchange Commission for their complete and accurate contents.

15. Denies the allegations of ¶ 22, except admits that Google's AdWords program allows advertisers to select words or phrases that they want to "trigger" their advertisements, that advertisements placed through the AdWords program are plainly labeled as "Sponsored Links," that such advertisements may contain both hyperlinks and text, and that some advertisers pay Google on a "cost-per-click" (CPC) basis.

16. Denies the allegations of ¶ 23.

17. Denies the allegations of ¶ 24 in so far as they concern Google and otherwise denies knowledge or information sufficient to a form a belief as to the truth of the allegations of ¶ 24.

18. Denies the allegations of ¶ 25, except admits that Rescuecom has selected the term "rescuecom" as a keyword in connection with the Google AdWords advertising program, both alone and in combination with other words.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26.

20. Denies the allegations in ¶ 27, except admits that Google provides access to a "Keyword Tool" that uses an automated algorithm to generate lists of possible keywords that an advertiser might choose to select as triggers for its advertisements.

21. Denies the allegations of ¶ 28, except admits that prior to April 2004, Google had a different Trademark Complaint Procedure, and respectfully refers the Court to that document for its complete and accurate contents.

22. Denies the allegations of ¶¶ 29-33.

23. Denies the allegations of ¶ 34, except admits that the quoted language can be found in Google's Form S-1/A Amended Prospectus, dated August 13, 2004, and respectfully refers the Court to that document and to Google's other securities filings with the Securities and Exchange Commission relating to its initial public offering of August 19, 2004 for their complete and accurate contents.

24. Denies the allegations of ¶¶ 35-36.

## COUNT I

25. In response to ¶ 37, incorporates by reference its responses to ¶¶ 1-36.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 38.

27. Denies the allegations of ¶ 39.

28. States that ¶ 40 asserts a legal conclusion to which no responsive pleading is required; to the extent ¶ 40 makes factual allegations as to which a responsive pleading is required, denies the allegations of ¶ 40.

29. Denies the allegations of ¶ 41, except that to the extent they concern the goods and services offered by Rescuecom or its competitors, Google denies knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Denies the allegations of ¶¶ 42-43.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of ¶ 44, except that Google denies that Sponsored Links are designed to look similar to Search Results.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 45.

33. Denies the allegations of ¶¶ 46-55.

## COUNT II

34. In response to ¶ 56, incorporates by reference its responses to ¶¶ 1-55.

35. Denies the allegations of ¶ 57 to the extent they make factual assertions as to which a responsive pleading is required, and otherwise states that ¶ 57 asserts a legal conclusion to which no responsive pleading is required.

36. Denies the allegations of ¶¶ 58-61.

## COUNT III

37. In response to ¶ 62, incorporates by reference its responses to ¶¶ 1-61.

38. Denies the allegations of ¶ 63 except the allegations of ¶ 63(B)-(C) and (E)-(F) as to which Google denies knowledge or information sufficient to form a belief as to the truth of the allegations, and except the allegations of ¶ 63(D) as to which Google denies that "Rescuecom" is recognized widely and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 63(D).

39. Denies the allegations of ¶ 64 to the extent they make factual assertions as to which a responsive pleading is required, and otherwise states that ¶ 64 asserts a legal conclusion to which no responsive pleading is required.

40. Denies the allegations of ¶¶ 65-70.

## COUNT IV

41.   In response to ¶ 71, incorporates by reference its responses to ¶¶ 1-70.

42.   Denies the allegations of ¶¶ 72-76.

## COUNT V

43.   In response to ¶ 77, incorporates by reference its responses to ¶¶ 1-76.

44.   Denies the allegations of ¶¶ 78-79.

## COUNT VI

45.   In response to ¶ 80, incorporates by reference its responses to ¶¶ 1-79.

46.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 81-85.

47.   Denies the allegations of ¶ 86, except admits that Rescuecom advertises through AdWords.

48.   Denies the allegations of ¶¶ 87-93.

## PRAYER FOR RELIEF

The final portion of the complaint is a prayer for relief for which no answer is required. To the extent any response is required, Google denies that any judgment against it is warranted.

## DEFENSES

49.   Google alleges the following defenses with respect to the claims for relief in the Complaint without assuming the burden of proof where the burden of proof rests on the plaintiff.

## FIRST DEFENSE

(Failure to State a Claim)

50.   Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

(No Damages)

51. Plaintiff has not been damaged in any amount, manner or at all by reason of any act alleged against Google in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## THIRD DEFENSE

(Non-Infringement)

52. Google has not infringed plaintiff's trademark under federal or state law.

## FOURTH DEFENSE

(Justification)

53. Any alleged misconduct was by entities that were or are licensed by plaintiff, and the entities were therefore justified in engaging in the conduct attributable to them.

## FIFTH DEFENSE

(Estoppel)

54. Plaintiff is estopped, in whole or in part, from asserting the claims alleged and obtaining the relief requested by reason of plaintiff's conduct, actions and communications to others.

## SIXTH DEFENSE

(Waiver)

55. Plaintiff has waived, in whole or in part, any claims it may have for the conduct alleged in the Complaint through its conduct, actions and communications with others, including but not limited to Google.

## SEVENTH DEFENSE

(Unclean Hands)

56. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

(Laches)

57. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

(Fair Use)

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use, nominative fair use and/or descriptive use.

## TENTH DEFENSE

(Failure to Mitigate)

59. Without admitting that plaintiff's Complaint states a claim, plaintiff has failed to mitigate damages, if any.

## ELEVENTH DEFENSE

(Limitations on Remedies)

60. Without admitting that plaintiff's Complaint states a claim, any remedies for plaintiff's claims under the Lanham Act (Claims I-III) are limited by 15 U.S.C. § 1114(2).

## TWELFTH DEFENSE

(Claims Bar)

61. Plaintiff's claims are barred, in whole or in part, to the extent that they conflict with or are preempted by federal law, including but not limited to 47 U.S.C. § 230.

## THIRTEENTH DEFENSE

(First Amendment)

62. Plaintiff's claims are barred, in whole or in part, by the First Amendment to the Constitution of United States, and plaintiff's state law claims (Claims IV-VI) are barred, in whole or in part, by Article I, Section 8 of the Constitution of the State of New York.

## FOURTEENTH DEFENSE

(Duplicative Claims)

63. Without admitting that plaintiff's Complaint states a claim, any remedies are limited to the extent that plaintiff seeks an overlapping or duplicative recovery pursuant to its various claims for any alleged single wrong.

## ADDITIONAL DEFENSES

64. Google reserves the right to assert additional defenses based on information learned or obtained during discovery.

## COUNTERCLAIM

For its counterclaim, defendant / counterclaim-plaintiff Google, by and through its counsel, alleges as follows:

## PARTIES

1. Google is a corporation organized under the laws of the State of Delaware, with its principal place of business in Mountain View, California. Google provides Internet search engine services to Internet users and advertising services to individuals, businesses, and educational and governmental entities.

2. On information and belief, plaintiff / counterclaim-defendant Rescuecom is a corporation incorporated under the laws of the State of New York, with its principal place of business located at 2560 Burnet Avenue, Syracuse, New York 13206.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. § 1051 et seq. (the Lanham Act). This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (declaratory judgments).

4. This Court has personal jurisdiction over Rescuecom because Rescuecom is a New York corporation, with its principal place of business in New York, and it has filed suit in this Court against Google.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

6. An actual case or controversy exists between the parties. Rescuecom has sued Google in this Court, asserting that Google's sale of advertising services constitutes, *inter alia*, trademark infringement under the Lanham Act.

## GENERAL ALLEGATIONS

7. Google provides a free Internet search engine to the general public. It answers hundreds of millions of user queries each day and indexes billions of web pages around the world.

8. Google also sells a number of products and services to individuals, businesses, and educational and governmental entities. One of the programs Google offers is an advertising program entitled "AdWords."

9. In connection with the AdWords program, Google's advertising customers can select keywords, which are words or phrases that may trigger the display of advertisements. When a computer user enters a search query containing a word or phrase that has been selected by an AdWords advertiser as a keyword for a given advertisement, that advertisement may be

eligible to be displayed as a Sponsored Link on the search results page in a separate box plainly bearing the label "Sponsored Links."

10. Google's advertisers, not Google, select the keywords that may trigger their advertisements. Thus, for example, a computer hardware retailer might select terms such as "computer," "hard drive," "memory." When a user submits a search query containing any of those keywords, that retailer's advertisement might be eligible to be displayed as a separately labeled Sponsored Link.

11. The Google AdWords program provides a highly useful service to advertisers and consumers alike. For advertisers, AdWords is a customizable and cost-efficient means of reaching interested consumers with relevant information concerning their product and service offerings. For consumers, Google AdWords helps connect them to useful information concerning providers of products and services in which they may be interested.

12. The effect of the AdWords program is to facilitate the flow of useful information to the computer user. Google's trademark policy of allowing advertisers to select trademarks as keywords to trigger their advertisements permits consumers to access information about competing products and services. The fact that a consumer may choose to use information available using Google's search services to explore a wide array of options does not mean that the consumer is "confused" or "diverted." Consumers are not deceived or confused as to the origin of goods or services advertised and plainly labeled as "Sponsored Links." On the contrary, the consumer benefits from having access to more information and more choices.

13. Consumers also benefit because they are able to use Google's Internet search engine for free. Much like paid advertisements allow television shows to be broadcast to the public without charge, Google's AdWords program permits Google to develop and support its Internet search engine and provide access to that service to the public free of charge.

14. Finally, AdWords advertisements are not deceptive or confusing in any way. AdWords advertisements are separately and clearly labeled as "Sponsored Links." This specific practice has been endorsed by the Federal Trade Commission, which has urged other Internet search engines to adopt it.

## CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of Trademark)

15. Google hereby incorporates by reference and realleges each and every allegation it has made in ¶¶ 1 through 14 above.

16. On September 6, 2004, Rescuecom filed the present action against Google. Rescuecom's Complaint alleges that it owns the rights to the trademark "Rescuecom" and that Google has infringed Rescuecom's trademark rights by permitting its advertising customers to select "rescuecom" as a keyword to trigger their advertisements. An actual, present and justiciable controversy has therefore arisen between Google and Rescuecom concerning Google's right to sell advertising to its customers and whether allowing advertisers to select the keyword "rescuecom" as a possible trigger for the display of a Sponsored Link confuses or misleads search users into believing that the Sponsored Links are related to Rescuecom.

17. Rescuecom argues that, under 15 U.S.C. § 1114(1), Google has (a) directly infringed its trademark by using "rescuecom" as a keyword and (b) contributed to the infringement by others of its trademark by suggesting and encouraging the use of the term "rescuecom" as a keyword by its AdWords advertisers. *See* Complaint ¶ 49.

18. Rescuecom also argues that, under 15 U.S.C. § 1125(a), Google's display of Sponsored Links in response to searches employing the search term "rescuecom," is (a) a direct violation of § 1125(a) since it constitutes a false designation of origin, affiliation, connection or association of such Sponsored Link advertisers with Rescuecom, or a false description of origin,

sponsorship or approval of the goods or services or activities of such Sponsored Link advertisers by Rescuecom Corporation; and (b) is a contribution to the false designation by others because Google has enabled, cooperated with, suggested, and encouraged the use of Rescuecom's trademark by others. *See* Complaint ¶ 60.

19.  Rescuecom also argues that, under 15 U.S.C. § 1125, its mark "Rescuecom" is a distinctive and famous mark. *See* Complaint ¶ 63. Rescuecom claims that, under 15 U.S.C. § 1125(c), Google's alleged use of the trademark "rescuecom" dilutes the distinctive quality of the trademark since it causes and can cause confusion among customers, and that potential customers may believe that Sponsored Link advertisers are affiliated or associated with Rescuecom. Rescuecom claims that this causes a "blurring" of the trademark's relationship to Rescuecom and may lead to consumers viewing Rescuecom's name and trademark as a generic term referring to computer repair. Rescuecom also claims that if customers view Sponsored Link advertisers' web pages, they may be dissatisfied with the level of quality of services provided by such advertisers, thereby tarnishing the Rescuecom name in the customer's mind. *See* Complaint ¶ 66.

20.  As explained in ¶¶ 7-14 above, Rescuecom's allegations of consumer deception and confusion are wholly without basis.

21.  Rescuecom's attack on Google's lawful and useful advertising is an improper attempt to expand the limited property right afforded to trademark owners under the Lanham Act to use a trademark to identify the source of their goods and services. Rescuecom's apparent intention is to monopolize and control the information that is made available to consumers who happen to input the word "rescuecom" into Internet search engines. If unchecked, Rescuecom's

effort will have a chilling effect on free competition, consumer choice and the free flow of information on the Internet.

22. Google accordingly seeks a declaratory judgment from this Court that Google's sale of advertising to its customers and allowing advertisers to select the keyword "rescuecom" as a possible trigger for the display of an advertisement does not constitute (and Google is not liable for) (a) direct or contributory infringement under 15 U.S.C. § 1114(1), (b) direct or contributory false designation of origin under 15 U.S.C. § 1125(a), or (c) direct or contributory dilution of famous marks under 15 U.S.C. § 1125(c).

For the foregoing reasons, Google prays that the Court:

1. Enter judgment according it the declaratory relief sought;
2. Dismiss Rescuecom's Complaint with prejudice;
3. Award Google its costs in this action;
4. Grant such other and further relief to which Google may be entitled and which is just and proper.

Google hereby demands a jury trial on all issues so triable.

Dated: May 29, 2009

COOLEY GODWARD KRONISH LLP
1114 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
(212) 479-6000

By: *Celia Goldwag Barenholtz*
    Celia Goldwag Barenholtz
        (N.D.N.Y. Bar Roll # 515638)
    Michael G. Rhodes
        (Admitted *pro hac vice*)
    Jason Koral
        (N.D.N.Y. Bar Roll # 515650)
    Benjamin Hansel Kleine
        (N.D.N.Y. Bar Roll # 515637)

Attorneys for Defendant and Counterclaim-Plaintiff GOOGLE INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------- X
RESCUECOM CORPORATION,                :    5:04-CV-01055 (NAM) (GHL)

        Plaintiff,                         :

  vs.                                 :

GOOGLE, INC.,                         :

        Defendant.
------------------------------------- X

## CERTIFICATE OF SERVICE

I, Pamela Kalski, hereby certify that on May 29, 2009, I electronically filed the **Answer and Counterclaim** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> **Attorney for Plaintiff, Rescuecom Corporation:**
>
> Edmund J. Gegan, Esq.
> Rescuecom Corporation
> 2560 Burnet Avenue
> Syracuse, NY 13206
>
> Phone: (315) 432-8800

                                                 */s/ Pamela Kalski*
                                                  Pamela Kalski