IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RESCUECOM CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | CASE NO. 5:04-cv-1055 |
| | : | (NAM/GHL) |
| GOOGLE, INC. | : | |
| | : | |
| Defendant. | : | |

---

### JOINT STATUS REPORT

Pursuant to the Court's October 5, 2009 Order, plaintiff Rescuecom Corporation and defendant Google Inc., submit this Joint Status Report.

1. **JOINDER OF PARTIES:**

Any application to join additional parties must be filed on or before the 13th day of January, 2009.

2. **AMENDMENT OF PLEADINGS:**

Any application to amend the pleadings to this action shall be made on or before 18th day of March, 2010.

3. **DISCOVERY:**

All fact discovery in this action shall be completed on or before the 31st day of August, 2010. All expert discovery in this action shall be completed on or before the 4th day of November, 2010, as set forth in Paragraph 12(f).

4. **MOTIONS:**

All motions relating to fact discovery shall be made returnable before the assigned Magistrate Judge on or before the 31st day of August, 2010. All motions relating to expert discovery (other than motions in limine or *Daubert* motions) shall be made returnable before the assigned Magistrate Judge on or before the 4th day of November, 2010. Non-dispositive motions shall not be filed until after compliance with Local Rule 7.1(d) and after a conference with the Magistrate Judge.

Dispositive motions shall be made returnable before the assigned District Judge on or before the 26th day of November, 2010.

5. **PROPOSED DATE FOR COMMENCEMENT OF TRIAL:**

The action will be ready to proceed to trial on or before the 31st day of March, 2011. It is anticipated that the trial will take approximately 7 to 10 days to complete. The parties request the trial be held in Syracuse, N.Y.

The parties will attend a pretrial conference with the Court on March 5, 2011 or such other date and time as is convenient to the Court.

The parties will exchange Witness Lists, Exhibit Lists, and Deposition designations on or before the 1st day of March, 2011. Pretrial submissions shall be made in accordance with Section 11 of the Uniform Pretrial Scheduling Order of Hon. Norman A. Mordue, United States District Judge.

6. **HAVE THE PARTIES SUBMITTED A JURY DEMAND:**

   Yes.

7. **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

   There is no challenge to jurisdiction or venue and all parties have been served.

8. **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

   a. **Plaintiff's Contentions:**

   This lawsuit is about trademark infringement and dilution and unfair competition. Plaintiff Rescuecom Corporation (hereafter, "Rescuecom") filed this action to prevent Defendant Google, Inc. (hereafter, "Google") from selling Plaintiff's trademark as a "Keyword" on Defendant's Internet Search Engine located on the Internet at www.google.com. When consumers search on Defendant's Internet Search Engine using Plaintiff's trademark "Rescuecom", Defendant's Search Engine responds by displaying a search results page listing Internet websites related to that search, in order of relevance, with the most relevant sites appearing first, at the top of the list. In addition to these "organic" search results Defendant's Search Engine also displays various advertisements which Defendant designates "Sponsored Links" which also serve as

"hyperlinks" leading the consumer who clicks on them away from the search results page and to the advertising party's website. These Sponsored Links are displayed in two locations, one grouping along the right hand margin of the search results page, and the second grouping at the top of the search results in a format similar to the organic search results themselves. The Sponsored Links are not related to Rescuecom and do not direct consumers who were searching for Rescuecom to Plaintiff or its website, but rather divert these consumers to other websites, typically those of Plaintiff's competitors. Consumers using Defendant's website to search for Rescuecom are likely to be confused by these Sponsored Links and are thereby diverted by Google's actions to the websites of third parties. Plaintiff Rescuecom has been damaged by this consumer confusion and the lost sales and commercial relationships lost with consumers. When these third parties cause their Sponsored Link advertisements to be triggered by Rescuecom's trademark, "rescuecom", Rescuecom must bid against them to use its own trademark as a "Keyword" and get its own Sponsored Links placed more favorably that its competitors. Defendant Google's conduct constitutes an infringement of Plaintiff's trademark rights under the Lanham Act and New York law.

    b. **Defendant's Contentions:**

Defendant denies that it "sells" or has sold Plaintiff's trademark in any way, and further denies that Sponsored Links result in consumer confusion or the diversion of Rescuecom customers. Defendant denies Plaintiff's claims to have suffered damages, lost sales, or lost commercial relationships as the result of the conduct alleged in the Complaint. Defendant denies that its conduct constitutes an infringement of Plaintiff's trademark rights under the Lanham Act and New York law, and further denies Plaintiff's allegation of tortious interference with Plaintiff's alleged prospective economic advantage.

The Google AdWords program provides a highly useful service to advertisers and consumers alike, and its effect is to facilitate the flow of useful information to the computer user. Google's advertisers, not Google, select the keywords that may trigger their advertisements. Google's trademark policy of allowing advertisers to select trademarks as keywords to trigger their advertisements permits consumers to access information about competing products and services. The fact that a consumer may choose to use information available using Google's search services to explore a wide array of options does not mean that the consumer is "confused" or "diverted." Consumers are not deceived or confused as to the origin of goods or services advertised and plainly labeled as "Sponsored Links." Furthermore, AdWords advertisements are not deceptive or confusing in any way; they are separately and clearly labeled as

"Sponsored Links," a practice that has been specifically endorsed by the Federal Trade Commission. Defendant therefore contends that it is entitled to the declaratory relief requested in its Counterclaim. Finally, Defendant has alleged fourteen separate affirmative defenses, which are set forth in its Answer and Counterclaim.

Defendant reserves the right to add additional contentions and defenses as may be revealed by discovery.

9. **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Factual issues in dispute at this time include: (1) whether the Plaintiff possesses a valid trademark that entitles it to obtain the relief it seeks; (2) whether any advertisements from Google's AdWords program were displayed in response to a query for the term "rescuecom;" (3) whether, in the event that any advertisements from Google's AdWords program were displayed in response to a query for the term "rescuecom," such advertisements resulted in consumer confusion as to the source of the goods being advertised by the advertiser placing the ad; (4) whether, in the event that any advertisements from Google's AdWords program were displayed in response to a query for the term "rescuecom," such advertisements resulted in the diversion of consumers from Plaintiff; (5) whether, in the event that any advertisements from Google's AdWords program were displayed in response to a query for the term

1580804 v3/NY

6

"rescuecom," Plaintiff has lost sales or commercial relationships as a result of such advertisements; (6) whether the factual predicates of Defendant's affirmative defenses have been established; and (7) damages allegedly suffered by Plaintiff.

Legal issues in dispute at this time include: (1) whether the Plaintiff's alleged trademark registration is legally valid; (2) whether Plaintiff's alleged trademark was infringed under Lanham Act and New York law; (3) whether Defendant tortiously interfered with Plaintiff's prospective economic advantage under New York law; and (4) whether Defendant is entitled to a declaratory judgment that that Google's sale of advertising to its customers and allowing advertisers to select the keyword "rescuecom" as a possible trigger for the display of an advertisement does not constitute (and Google is not liable for) (a) direct or contributory infringement under 15 U.S.C. § 1114(1), (b) direct or contributory false designation of origin under 15 U.S.C. § 1125(a), or (c) direct or contributory dilution of famous marks under 15 U.S.C. § 1125(c).

10. **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Unknown at this time.

## 11. WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiff seeks the following relief:

(1)  An injunction against Defendant directing it to discontinue the sale of Plaintiff's trademark "rescuecom" as a keyword in connection with advertising of commercial goods and services, specifically in connection with its AdWords advertising program and the triggering of Sponsored Link advertising;

(2)  An injunction against Defendant directing it to discontinue its practice of suggesting and encouraging third party advertisers to use Plaintiff's trademark "rescuecom" as part of their Keywords in Google's AdWords program through Defendant Google's Keyword Suggestion Tool or other similar devices;

(3)  An accounting of all revenue earned by Defendant Google for its own account or through affiliates or agents, earned from selling Plaintiff's trademark "rescuecom" through its advertising programs, including its AdWords program, and to pay such revenue over to Plaintiff Rescuecom;

(4)  Damages in an amount to be determined by the Court, up to treble actual damages, to be determined at trial, or statutory damages of no less than $500.00 nor more than $100,000.00 per use of Plaintiff's mark;

(5) Reasonable attorneys fees and costs and such other and further relief as the Court deems proper.

Defendant seeks dismissal of each and every Count in Plaintiff's complaint. Defendant further seeks a declaratory judgment that Google's sale of advertising to its customers and allowing advertisers to select the keyword "rescuecom" as a possible trigger for the display of an advertisement does not constitute (and Google is not liable for) (a) direct or contributory infringement under 15 U.S.C. § 1114(1), (b) direct or contributory false designation of origin under 15 U.S.C. § 1125(a), or (c) direct or contributory dilution of famous marks under 15 U.S.C. § 1125(c).

12. **DISCOVERY PLAN:**

 a. **Mandatory Disclosures:**

The parties will exchange mandatory disclosures required under Rule 26 (a)(I) at the time of the first response to written discovery demands.

 b. **Subjects of Disclosure:**

The parties have not yet reached an agreement as to the appropriate scope of discovery.

At this time Plaintiff seeks: Plaintiff seeks discovery sufficient to establish the elements of each count in the Complaint, including but not limited to: Defendant's AdWords program and other advertising programs using

keywords; information related to sales and uses of Plaintiff's mark to advertisers; Methods by which Defendants' Keyword Suggestion Tool suggests the use of Plaintiff's trademark to third party advertisers; the development of Defendant's use of Sponsored Links including their design, layout, and Defendants' policies toward the scope of use of trademarks as keywords and in the text of such Sponsored Links; identity of third party advertisers who have used Plaintiff's trademark as a Keyword, communications between such parties and Defendant, and information related to the advertisements or Sponsored Links that were displayed and "clicked" on by consumers using Rescuecom as a search term; consumer studies and other studies by Defendant referring or relating to design and use of Sponsored Links and the AdWords program; financial information related to revenues earned by Defendant related to advertisements or Sponsored Links triggered by use of Plaintiff's trademark as a Keyword. Discovery may be required of third parties relating to the foregoing information. Plaintiff reserves the right to conduct additional discovery as needed.

Defendant concedes that some discovery may be appropriate, but does not agree that all the information sought by Plaintiff relates to appropriate subjects for discovery. For example, Defendant contends that subjects such as "Defendant's AdWords program and other advertising programs using

keywords" or "the development of Defendant's use of Sponsored Links" are grossly overbroad.

For its own part, Defendant at this time plans to seek discovery of the following subjects: information relating to the allegations and contentions made in Plaintiff's complaint; documents that Plaintiff intends to rely on at trial; Plaintiff's investment in or promotion of its trademarks; any alleged distinctiveness, fame, or value of Plaintiff's trademarks, including but not limited to any alleged associated goodwill; Plaintiff's reputation in the marketplace as alleged in the Complaint; the extent of Plaintiff's business on the Internet, as alleged in the complaint; Plaintiff's advertising policies and practices; Plaintiff's actual or prospective customer and business relationships that it alleges have been harmed by Defendant; any evidence of actual customer confusion or diversion; any evidence relating to Plaintiff's allegations that its trademarks have been diluted; and the damages alleged to have been suffered by Plaintiff.  Discovery may be required of third parties relating to the foregoing information. Defendant reserves the right to conduct additional discovery as needed.

   c.  **Discovery Sequence:**

Methods of discovery may be used in any sequence, but generally it is anticipated the parties will produce documents prior to conducting depositions.

d. **Written Discovery:**

First Set of Document and Item production demands, and Interrogatories covering areas and types of information identified in subparagraph (a) above shall be served on or before December 16, 2009. At this time, the parties do not anticipate exceeding the permitted number of Interrogatories.

e. **Depositions:**

Plaintiff seeks to depose present or former principals, officers, directors, shareholders, employees, consultants, or other agents with personal knowledge of the areas identified in subparagraph (b) above.

Defendant does not agree that depositions on all the areas identified by Plaintiff in subparagraph (b) would be within the permissible scope of discovery, or that there will be a need to depose individuals falling within some of the description provided by Plaintiff, and reserves the right to object accordingly. Defendant seeks to depose present or former principals, officers, directors, employees or other agents of Plaintiff with knowledge of the areas identified by Defendant in subparagraph (b) above.

The parties propose to limit depositions to no more than eight (8) per side, absent a showing of need and leave of the Court.

f. **Experts:**

The parties expect to retain the use of experts to address issues related to damages, consumer confusion, and other issues as they may arise in course of fact discovery. The parties will provide initial expert notices on or before August 16, 2010.  Expert reports are to be submitted on or before September 30, 2010, rebuttal expert reports on or before October 21, 2010. Depositions of experts, if any, will be conducted on or before November 4, 2010.

g. **Electronic Discovery:**

The parties do anticipate discovery to include electronically stored information. The parties anticipate amicably agreeing upon a format and method of production of electronically stored information, and governing the scope of any stipulation regarding protective orders.

h. **Protective Orders:**

The parties do anticipate requesting a protective order upon stipulation of the parties and will enter into an appropriate confidentiality agreement and stipulation and submit it to the Court.

i. **Anticipated Issues Requiring Court Intervention:**

None at this time.

13. **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Unknown at this time.

14. **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

There are no related cases pending before the Judges of this Court.

15. **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

16. **WHAT ARE THE PROSPECTS FOR SETTLEMENT?**

Counsel for the parties are currently exploring potential avenues for settlement. The prospects cannot be estimated with precision at this time.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

At this juncture, no assistance is required. The parties will keep the Magistrate Judge assigned to the case informed as to any developments in settlement discussions as they occur.

Respectfully Submitted,

| **RESCUECOM CORPORATION** | **COOLEY GODWARD KRONISH, LLP** |
|---|---|
| /s/ Edmund J. Gegan | /s/ Jason Koral |
| **Edmund J. Gegan, Esq.** | **Jason Koral, Esq.** |
| **Of Counsel to Plaintiff** | **Of Counsel to Defendant** |
| **Bar Roll No. 508421** | **1114 Avenue of the Americas** |
| **2560 Burnet Ave.** | **New York, NY 10036** |
| **Syracuse, N.Y. 13206** | **Telephone: 212-479-6000** |
| **Telephone: 315-432-8800** | **Fax: 212-479-6275** |
| **Fax: 315-410-4000** | |